NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

OAKHURST LODGE, INC.,

        Debtor.

Case No. 11-17165-A-11

DMS-56

**MEMORANDUM REGARDING ELVIN BELL's REQUEST FOR COMPENSATION**

*FILED FEB -5 2020 UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA*

Elvin Bell, a marketing and litigation consultant, seeks compensation in the amount of $176,800 for post-confirmation services rendered to Oakhurst Lodge, Inc. Oakhurst Lodge, Inc. supports his request. Chetankumar Patel, Shaileshkumar Patel and Jack Patel, putative shareholders, oppose the request.

## I. FACTS

Oakhurst Lodge, Inc. ("Oakhurst Lodge" or "the motel") owned and operated a motel in Oakhurst, California. Faced with financial headwinds, Oakhurst Lodge filed a Chapter 11 bankruptcy in 2011 and confirmed its plan for reorganization in early 2012. The plan provided for payments to creditors over time from motel operations. The plan retained the protections of the stay by deferring discharge and re-vesting until completion of payments under the plan. 11 U.S.C. §§ 362(c), 1141(b),(d)(1)(A); *Hillis Motors Inc. v. Hawaii Auto Dealers' Ass'n.*, 997 F.2d 581, 587 (9th Cir. 1993).

In late 2012, Oakhurst Lodge's primary creditor, First-Citizens Bank & Trust ("Bank"), foreclosed its first and/or second deed of trust against the motel, effectively ending the debtor's efforts to reorganize.

Oakhurst Lodge filed an adversary proceeding against the Bank for violation of the stay.

In 2017, Oakhurst Lodge and the Bank settled the adversary proceeding, subject to court approval, for $850,000. Finding that the settlement impermissibly modified the confirmed plan under 11 U.S.C. § 1127(b), this court declined to approve the settlement.

In 2018, the parties again settled the adversary proceeding. The settlement provided that the Bank, or its assignees, would retain the motel but pay Oakhurst Lodge, Inc. $3,000,000 and waive any further

right to payment. Finding that the settlement pays all pre-petition and post-petition creditors according to the terms of the plan and that the only parties whose rights under the plan would be affected, i.e., shareholders, supported the settlement, the court approved the settlement. Second Amended Order, January 31, 2019, ECF # 512 ("the Settlement Order"). The order provided that the settlement will be paid into a blocked account and will be disbursed only upon order of this court and in a manner consistent with the terms of the then confirmed Chapter 11 plan. *Id*.

## II.  PROCEDURE

Under the terms of the Settlement Order, Oakhurst Lodge has sought court approval for payment of seven post-confirmation creditors, including Elvin Bell ("Bell"). Id. at ¶ 8(C). Propriety of payment to five of those creditors is undisputed; the sixth creditor, Alan Shapiro, has withdrawn his request for payment. Only the Bell claim remains unresolved.

This motion was originally heard on November 19, 2019. At that time, the court described the motion as "thin," and noted that Bell's claim was not supported by declarations under penalty of perjury and described the supporting documents as "fragmented." The court continued the hearing to January 22, 2020 and ordered Bell to "augment the record with respect to his claim" not later than December 24, 2019.

Bell has filed a declaration in support of this claim.[1] Bell

---

[1] The court has reviewed Bell's other submissions. Those include: (1) Opposition, November 28, 2019, ECF # 459; (2) Bell decl., December 5, 2019, ECF # 461; (3) Commentary and Data, December 20, 2018, ECF # 481; (4) Invoice for Services, March 14, 2019, ECF # 546; (5) Letter, dated November 8, 2019, ECF # 674; and (6) Bell decl., January 14, 2020, ECF # 711. None of these documents are signed under penalty of perjury, LBR 9014-1(d)(3)(B), and are not considered in this ruling. The court will also not consider the untimely

3

decl., December 23, 2019, ECF # 699. Steven Marshall, purported shareholder of Oakhurst Lodge, also filed a declaration supporting Bell's request.

At the beginning of the continued hearing, the court announced its intention to grant the motion as to Bell. Jack Patel ("Patel"), speaking through counsel Glen Gates, argued against compensating Bell. The court continued the motion and is now ready to rule on the motion.

## III. DISUCCSION

Motions for distribution are controlled by the terms of the confirmed plan, Order, December 29, 2012, ECF # 124, as modified by the Settlement Order. The Settlement Order provides for distribution in the following order: (1) unclassified claims, priority tax claims, United States Trustee's Fees, Professional Fees and Secured Claims; (2) pre-petition general unsecured claims; (3) post-confirmation creditor's claims; (4) professional fees due to Donna Standard; and (5) equity holders. Settlement Order ¶ 8, January 31, 2019, ECF # 512. Each such distribution shall be made by order after noticed motion supported by admissible evidence. LBR 9014-1(d)(3)(D).

Patel interposes three key arguments: (1) any contract for payment was between Steven Marshall and Bell, not Oakhurst Lodge and Bell; (2) Bell has not adequately documented his work or the benefit to the corporation; and (3) Bell's work could not have reasonably benefited the corporation, since it was performed after the motel was lost to foreclosure.

### A. Is Oakhurst Lodge, Inc. Bound to a Contract with Bell?

Where an agent enters into a contract on behalf of a principal

---

declaration by Bell. Bell decl., February 5, 2020, ECF #733. See Order, November 26, 2020, ECF # 685 (setting deadline of December 24, 2019).

4

and the principal is disclosed, e.g. named in the contract and "not excluded by its terms, and the fact of agency appears, the principal will of course be held liable for the acts of the agent actually or ostensibly authorized." 3 Witkin, *Summary of Calif. Law*, Agency § 168 (2019); *Rest.3d*, Agency §§ 6.01, 6.02.

Here, it appears that from late 2012 to March 25, 2014, Bell worked under an oral contract. Marshall decl. 3, December 23, 2019, ECF # 700; Bell decl. ¶ 1, December 23, 2019, ECF # 699. On March 25, 2014, Marshall sent Bell a letter stating "Oakhurst Lodge is now your client. Please commence your planning of making the Lodge an even better place for guests to stay." The "From" line states "Steve K. Marshall/Oakhurst Lodge, site address, 40302 Highway 41, Oakhurst, Cal 93644, President and CEO of Oakhurst Lodge." At least for services rendered on or after March 25, 2014, this minimally meets the disclosed principal standards for a finding of agency where Oakhurst Lodge, Inc. would be liable as the principal.

### B. Reasonable Benefit

This court has authority to review professional fees, even after a case has been concluded, under 11 U.S.C. § 329(b); *In re Sundquist*, 576 B.R. 858 (Bankr. E.D. Cal. 2017). It has authority to review other fees under state law. Settlement Order ¶ 8(C), January 31, 2019, ECF # 512.[2]

Under state contract law the central inquiry is the terms of the contract. A contract's terms must be definite and reasonably certain. 1 Witkin, *Summary 11th Contracts* § 137 (2019). The terms of a contract are "reasonably certain if they provide basis for determining

---

[2] Because Bell's fees do not pass muster under state contract law, the court need not decide whether he is a professional within the meaning of 11 U.S.C. § 327.

5

the existence of a breach for giving an appropriate remedy." *Id.*, citing *Holmes v. Lener*, 74 Cal.App.4th 442, 457 (1999); Rest.2d, Contracts § 33.

Here, neither the Bell declaration nor the Marshall declaration provides the terms of the agreement.[3] As a result, the court cannot define terms of either the oral or written contract.

### C. Adequate Documentation

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300.

Here, Bell has not yet made a prima facie showing of valid contract formation.[4] Bell has not set forth the terms of the agreements. During oral argument Bell said he had three flat rate contracts, one for $100,000 and two for $50,000, that were later converted to hourly compensation. Other than a vague description of work as a "business and development advisor," March 25, 2014, letter, the court is unable to ascertain the work required to earn the flat fee or the hourly fees. Read broadly, Bell's declaration contends that he is owed $176,800 for hard work, e.g. research, communications with Steven Marshall, marketing, performed over a six-year period. Without more, his statements do not support that he is owed the

---

[3] At the hearing on November 19, 2019, Bell commented, in unsworn remarks, that his contract was initially on a flat rate basis, e.g. one contract for $100,000, two contracts for $50,000 each, and that the fee was later converted to one with an hourly rate, e.g. $250-$300 per hour.

[4] Prior unsworn submissions are not considered.

6

damages he requests.

**IV. Conclusion**

As to Elvin Bell, the motion is denied without prejudice and will issue an order from chambers.

Dated: February 5, 2020

                                         *[signature]*
                                         Fredrick E. Clement
                                         United States Bankruptcy Judge

# Instructions to Clerk of Court

## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ___, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |
| Elvin C. Bell<br>2130 W Rue Saint Michel<br>Fresno CA 93711 | Gloria Loretta Marshall<br>10494 N Camarillo Ave<br>Fresno CA 93730 |
| Glen E. Gates<br>2445 Capitol Street, Suite 160E<br>Fresno CA 93721 | Justin D. Harris<br>7110 N. Fresno St., Suite 400<br>Fresno CA 93720 |
| Employment Development Dept.<br>Bankruptcy Special Procedures Group<br>PO Box 826880 MIC 92E<br>Sacramento CA 94280-0001 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento CA 95812-2952 |
| Kathleen Klein<br>6061 N Fresno St 106<br>Fresno CA 93710-5265 | Frank Weiser<br>3460 Wilshire Blvd, Ste. 1212<br>Los Angeles, CA 90010 |
| Steven Marshall<br>32149 Road 416<br>Coarsegold, CA 93614-8923 | Glen Gates<br>2445 Capitol Street, Ste 160E<br>Fresno, CA 93721 |